IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Cesar Agusto Garcia and Jose Luis Olivares §
Cosme, Individually and On Behalf of
Others Similarly Situated,
    Plaintiffs,

V. § CIVIL ACTION NO. 4:23-cv-1871

Four Seasons Business Park II, LTD
and Four Seasons Business Park, I, LLC,
and Julian Kubeczka,
    Defendants. § JURY DEMANDED

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Julian Kubeczka ("Kubeczka"), Four Seasons Business Park II, LTD ("LP") and its general partner Four Seasons Business Park I, LLC ("LLC") (jointly "Four Seasons" or "Defendants") have a business plan that includes paying non-exempt hourly employees the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiffs Cesar Agusto Garcia ("Garcia") and Jose Luis Olivares Cosme ("Cosme") (jointly "Plaintiffs") are two of the workers hired by Defendants, paid on an hourly basis and not paid overtime pay, and bring this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA"). Because Mr. Kubeczka, owner of the LP and LLC, was previously sued for similar FLSA violations for a similarly named entity employing similar construction workers, Plaintiffs seek a willful violation of the FLSA and an extension of the statute of limitations from 2 year to 3 as allowed by the FLSA.

## Facts Supporting Relief

### Allegations Related to Plaintiffs' and Their Co-Workers' Claims

1. Garcia worked for Four Seasons as a construction worker from June of 2019 until July 16, 2021. His job duties included, but were not limited to, framing and sheetrock work and painting.

2. Cosme worked for Four Seasons as a construction worker from 1998 until September of 2022. His job duties included, but were not limited to, framing and sheetrock work and painting.

3. During the time they worked for the Defendants, Plaintiffs regularly worked more than 40 hours per week.

4. Defendants paid Plaintiffs on an hourly basis. Defendants did not pay Plaintiffs an overtime premium for any of the hours that they worked over 40 in a workweek. Instead, Defendants paid Plaintiffs the same hourly rate for all the hours that they worked ("straight time").

5. Plaintiffs worked with other individuals who were paid on an hourly basis by Defendants to do construction work. These individuals were also construction workers who also regularly worked more than 40 hours per week, and they were also not paid overtime pay for hours they worked over 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

6. Kubeczka is an owner, if not the sole owner, of the LP and the LLC, and acts as their control person. Kubeczka had and did exercise the authority to hire and fire workers. Kubeczka had the authority and did exercise the authority to determine the manner in which Plaintiffs and similarly situated workers would be paid. Kubeczka decided that Plaintiffs and

similarly situated workers would not be paid the statutorily required time-and-a-half for the hours that they worked over 40 each workweek. Kubeczka decided that instead, Plaintiffs and similarly situated workers would be paid the same hourly rate for all hours worked.

7.	Defendants were well aware of their obligation to pay overtime to workers for hours worked over 40 each week. Defendant Kubeczka was sued along with his other company Four Seasons Development Co., Inc. in 2015 for violating the FLSA by not paying overtime premium pay to hourly construction workers. C.A. No. 4:15-cv-2864; *Edy Estrada v. Four Seasons Development Co., Inc. and Julian Kubeczka* was filed in the United States District Court for the Southern District of Texas, Houston Division on September 30, 2015.  The allegations in that lawsuit were substantially the same as the allegations in this case.

## Allegations Regarding FLSA Coverage

8.	Defendants are a Texas limited partnership and its general partner, a Texas limited liability company, that are covered by and subject to the overtime requirements of the FLSA.

9.	During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

10.	During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

11.	During each of the three years prior to this complaint being filed, Defendants

conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

12. During each of the three years prior to this complaint being filed, Defendants' employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

13. Defendants were legally required to pay Plaintiffs and similarly situated construction workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

14. Plaintiffs worked over 40 hours in many workweeks that they worked for Defendants.

15. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

16. Defendants did not pay Plaintiffs time-and-a-half for any of the overtime hours that they worked for the Defendants. Defendants' underpayment of the Plaintiffs, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other companies that pay their employees all of the money required by law.

17. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiffs and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA. Because of the Defendants' knowing and

willful conduct, the claims of the Plaintiffs and the Similarly Situated Workers as described below should be subject to a three-year statute of limitations rather than two.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

18. Defendants violated the FLSA by not paying Plaintiffs overtime pay for hours worked over 40 per workweek.

19. Plaintiffs have suffered damages as a direct result of Defendants' illegal actions.

20. Defendants are liable to Plaintiffs for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

### Collective Action Allegations

21. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying construction workers on an hourly basis and not paying them overtime pay. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experience is typical of the experiences of the Similarly Situated Workers.

22. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> **All individuals working for Defendants Julian Kubeczka, Four Seasons Business Park II, LTD, or Four Seasons Business Park I, LLC doing construction-related work (no matter their specific title) who are/were employed/engaged by and paid by Julian Kubeczka, Four Seasons Business Park II, LTD, or Four Seasons Business Park I, LLC on an hourly basis during the three-year period preceding the filing of this Complaint.**

23. The Court should order the Defendants to provide contact information for all Similarly Situated Workers to Plaintiffs' counsel and allow them to send notice to all Similarly

Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

### Defendant, Jurisdiction, and Venue

24. Defendant Four Seasons Business Park II, LTD is a Texas limited partnership and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its registered agent, Four Seasons Business Park I, LLC, through its registered agent Julian Kubeczka at 5825 W. Sam Houston Pkwy. N., Houston, Texas 77041, or wherever he may be found.

25. Defendant Four Seasons Business Park I, LLC is a Texas liability company and an "employer" of Plaintiff as defined by the FLSA. This Defendant may be served through its registered agent Julian Kubeczka at 5825 W. Sam Houston Pkwy. N., Houston, Texas 77041, or wherever he may be found.

26. Defendant Julian Kubeczka may be served at 5825 W. Sam Houston Pkwy. N., Houston, Texas 77041, or wherever he may be found.

27. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Demand for Jury

28. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing construction-related work who are/were employed/engaged by and paid on an hourly basis by Defendants Julian Kubeczka, Four Seasons Business Park II, LTD, or Four Seasons Business Park I, LLC during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit to proceed collectively if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiffs' and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**