IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cesar Agusto Garcia and Jose Luis Olivares Cosme, Individually and On Behalf of Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-1871 |
| Four Seasons Business Park II, LTD, Four Seasons Business Park, I, LLC, And Julian Kubeczka, | § § § § § | |
| Defendants. | § § | |

**ANSWER, AFFIRMATIVE DEFENSES, AND SPECIFIC
DENIALS TO PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendants Four Seasons Business Park II, LTD, Four Seasons Business Park, I, LLC, and Julian Kubeczka (collectively, "Defendants") file this Answer, Affirmative Defenses, and Specific Denials to Plaintiffs' Original Collective Action Complaint, and would respectfully show the Court as follows:

**I.    ANSWER**

1.    Defendants deny the allegations in the Summary of the Lawsuit in the Complaint, specifically deny that they violated the Fair Labor Standards Act (the "FLSA"), and admit only that Plaintiffs allege that they have filed this lawsuit under the FLSA.  Defendants deny the allegations in paragraph 1 of the Complaint, except to admit only that Garcia performed some services/work for Four Seasons Development Park II, LTD as an independent contractor during some of the time period referenced, but not on a continuous basis.

2. Defendants deny the allegations in paragraph 2 of the Complaint, except to admit only that Cosme performed some services/work for Four Seasons Development Park II, LTD as an independent contractor during some of the time period referenced, but not on a continuous basis.

3. Defendants deny the allegations in paragraph 3 of the Complaint, except to admit only that on occasion, Plaintiffs worked more than 40 hours in a workweek.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny the allegations in paragraph 8 of the Complaint, except to admit only that Four Seasons Business Park II, LTD is a Texas limited partnership and Four Seasons Business Park I, LLC is a Texas limited liability company and the general partner of the limited partnership.

9. Defendants deny the allegations in paragraph 9 of the Complaint, except to admit only that to the extent the entities were conducting business, they were likely engaged in interstate commerce.

10. Paragraph 10 of the Complaint contains a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint, except to admit only that to the extent the entities were conducting business and had employees, they used or handled goods, tools, equipment, or materials that likely traveled in interstate commerce.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint, except to admit only that Four Seasons Business Park II, LTD is a Texas limited partnership and may be served as stated in paragraph 24.

25. Defendants deny the allegations in paragraph 25 of the Complaint, except to admit only that Four Seasons Business Park I, LLC is a Texas limited liability company and may be served as stated in paragraph 25.

26. Defendants admit the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint, except to admit or state that they do not object to venue in this Court or to the Court's jurisdiction over this lawsuit.

28. In response to paragraph 28 of the Complaint, Defendants admit only that Plaintiffs have demanded a trial by jury.

29. In response to the Prayer for Relief in the Complaint, Defendants deny the allegations and specifically deny that Plaintiffs are entitled to a collective action, or any of the damages or relief requested in subsections (1)-(9).

## AFFIRMATIVE DEFENSES AND SPECIFIC DENIALS

30. Defendants assert the following affirmative defenses and specific denials, without admitting liability and with each pled in the alternative.

31. Defendant Julian Kubeczka never employed Plaintiffs and cannot be liable to them under the FLSA.

32. The Complaint fails to state a claim against Defendants for which relief can be granted.

33. All or part of Plaintiffs' claims are barred by the applicable statute of limitations.

34. All or part of Plaintiffs' claims are barred by the equitable doctrines of estoppel, laches, acquiescence, ratification, and waiver.

35. All or part of Plaintiffs' claims are barred because they have been paid all compensation earned as a result of any employment with the entity Defendants and/or as a result of their independent contractor relationships with the entity Defendants.

36. All or part of Plaintiffs' claims are barred because they were properly classified as independent contractors when providing services to the entity Defendants.

37. Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek pursuant to the FLSA if or when they classified as employees.

38. Defendants invoke the defenses, protections, and limitations of the FLSA.

39. Defendants plead that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA or other applicable law occurred in good faith, were based on reasonable factors, and/or were in conformity with relevant laws and regulations.

40. Plaintiffs are not entitled to liquidated damages because Defendants acted reasonably, in good faith, and decisions regarding compensation were based upon reasonable grounds.

41. All actions complained of in the Complaint were supported by legitimate business reasons and Defendants had reasonable grounds for any decisions made and for believing that it was in compliance with the FLSA.

42. Defendants did not willfully or intentionally fail to pay any compensation to Plaintiffs.

43. All or part of the claims are barred because the amount of any unpaid overtime allegedly due is *de minimus*.

44. All or part of Plaintiffs' claims are barred to the extent Plaintiffs seek damages based on time that is not compensable time, *i.e.* "hours worked" under the FLSA. Alternatively, Defendants are entitled to offset money or other consideration paid or provided to Plaintiffs for periods in which they were not engaged in compensable work.

45. All or part of Plaintiffs' claims are barred to extent they seek compensation for activities that are preliminary or postliminary to their principal work activities that are not integral or indispensable to those activities.

46. All or part of Plaintiffs' claims are barred to the extent they seek compensation for activities considered non-compensable under the Portal-to-Portal Act.

47. All or part of Plaintiffs' claims are estopped by their recordation and/or submission of their own time records for which they were compensated, including to the extent now claimed to be inaccurate.

48. The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

49. Plaintiffs and the alleged putative class members are not similarly situated for numerous reasons, including that they worked at different locations, at different times, had different supervisors and management, were not compensated the same, and that the policies and procedures that applied to the Plaintiffs and the alleged putative class members are not the same. The Plaintiffs and putative class members have disparate factual and employment settings. Additionally, a consideration of fairness and procedural considerations demonstrate this is not a proper collective action case.

50. Defendants contend that this case should not be certified as a collective action. To the extent that the Court grants conditional certification, the statements, denials, and affirmative defenses asserted regarding Plaintiffs are asserted against all putative class members.

51. All or part of the claims are barred because Plaintiffs failed to mitigate their damages.

52. Plaintiffs lack standing to bring this lawsuit as a collective action, in part, because they are not similarly situated to each other or the alleged putative class members.

53. All or part of Plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment, and release.

54. In the event Plaintiffs are entitled to additional compensation (which Defendants deny), Defendants did not willfully or intentionally fail to pay any additional compensation to Plaintiffs sufficient to justify any award of penalties or fees.

55. Plaintiffs may not recover liquidated damages or prejudgment interest because it would amount to a "double recovery."

56. Defendants reserve the right to plead, assert, and rely on all proper affirmative or other defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiffs, or otherwise through discovery.

## PRAYER

Defendants Four Seasons Business Park II, LTD, Four Seasons Business Park, I, LLC, and Julian Kubeczka pray that Plaintiffs take nothing by reason of this lawsuit; that Defendants recover their expenses and costs; and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**BEARD KULTGEN BROPHY BOSTWICK & DICKSON, PLLC**

By: _/s/ Susan E. Cates_
Susan E. Cates
Attorney-in-Charge
State Bar No. 24044932
220 South Fourth Street
Waco, Texas 76701
(254) 776-5500 – telephone
(254) 776-3591 – facsimile
cates@thetexasfirm.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of June, Defendants' Answer, Affirmative Defenses, and Specific Denials to Plaintiffs' Original Collective Action Complaint was electronically filed with the Clerk of the Court using the Court's ECF System, which will automatically send notification of such filing to all counsel of record, including counsel for Plaintiffs:

    Josef F. Buenker (jbuenker@buenkerlaw.com)
    The Buenker Law Firm
    P.O. Box 10099
    Houston, Texas 77206

                                                            */s/ Susan E. Cates*
                                                            Susan E. Cates