**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Cesar Agusto Garcia and Jose Luis Olivares Cosme, Plaintiffs, | § § § § § § § § § § | CIVIL ACTION NO. 4:23-cv-1871 |
| v. | | JUDGE CHARLES ESKRIDGE |
| Four Seasons Business Park II, LTD, et. al., Defendants. | | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

*Restate each instruction in bold and furnish the requested information.*

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

    The attorneys for the parties corresponded by email on October 18, 2023 and spoke by phone on October 24, 2023. Joe Buenker participated for the plaintiffs and Susan Cates participated for the defendants.

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

    None.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert**.

1

Plaintiffs worked for defendants as construction and maintenance workers who sometimes worked more than 40 hours per week. They were classified as independent contractors. Plaintiffs assert that they should have been classified as employees and that they should have been paid time-and-a-half overtime pay for their hours over 40. Plaintiffs also assert that there are other similarly situated workers in a similar position to him and they plan to move for notice to be sent to all of those individuals.

Defendants contend that they did not violate the FLSA. Defendants assert that plaintiffs were properly classified as independent contractors when they were classified as independent contractors and that they have been paid all of the compensation that they earned. Plaintiff Olivares asked to be switched from an independent contractor to an employee for tax reasons, and during his employment, he was properly paid overtime at time and half his regular rate for all hours worked over 40 hours in a workweek. Plaintiffs are not entitled to any additional compensation. Defendants further contend that Plaintiffs are not similarly situated to other workers and that this case should not be certified as an FLSA collective action case.

Under the 5th Circuit's *Swales* decision, the parties will need to do sufficient discovery to allow this Court to determine whether there is a group of similarly situated workers that should receive notice of this lawsuit. The parties have discussed on the scope of discovery that they believe is necessary for this issue.

4. **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

    All parties agree that the Court has federal questions jurisdiction.

5. **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

Plaintiffs plan to file a motion for notice under the FLSA, and believes that they could file that motion no later than January 19, 2024.

6. **List any anticipated interventions. Briefly explain why.**

   None anticipated.

7. **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

   Plaintiffs plan to file a motion for notice of a collective action under the FLSA. The proposed group of similarly situated workers are individuals who worked for the defendants as construction and maintenance workers and were classified as independent contractors. Defendants contend that Plaintiffs are not similarly situated to each other or other workers and that this case is not appropriate for collective action certification.

8. **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

   Plaintiffs have completed his initial disclosures and served them on Defendants. Defendants will complete and serve their initial disclosures no later than October 25, 2023.

9. **Apart from initial disclosures, specify other discovery served or accomplished to date.**

   The parties have informally exchanged information and documentation, and discussed their respective arguments.

10. **Describe the proposed agreed discovery plan. At a minimum, include:**

    a. **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

(1)     The parties do not believe that any changes in the timing, form or requirement for disclosure under Rule 26(a) should be made.

(2)     The discovery plan as agreed to between the parties relative to plaintiffs' claims and defendants' defenses is stated herein.

(3)     The parties are not aware of any issues relating to disclosure or discovery of electronically stored information that need to be addressed by the Court at this time.  The parties agree to produce relevant, discoverable information in hard copy form or a .pdf version thereof, to the extent available, and, upon request, to produce electronically stored information in a widely acceptable readable format, if available.  Both parties reserve the right to request production of electronically stored information in a mutually agreeable alternative format.

(4)     The parties are not aware of any issues relating to claims of privilege that need to be addressed by the Court at this time.  The parties agreed to preserve and return privileged information that may be inadvertently disclosed during discovery.

(5)     The parties do not believe that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or by local rule, or that any other limitations should be imposed.

(6)     The parties do not believe that any orders should be entered by the Court under Rule 16(b) and (c), except for the entry of the Court's scheduling and docket control order.

(7)     The parties agree that electronic service shall constitute proper service in this case provided the receiving party acknowledges receipt of the electronic service by replying with "Received" or sending a read receipt or something similar.

**b.  When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

    Plaintiffs anticipate sending interrogatories to defendants before the end of the discovery period; the 25 interrogatory limit should apply in this case.

c. **When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

    Defendants anticipate sending interrogatories to plaintiffs before the end of the discovery period; the 25 interrogatory limit should apply in this case.

d. **Of whom and by when the plaintiffs anticipate taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

    Plaintiffs anticipate taking the oral deposition of the corporate representative(s) of defendant before the end of the discovery period, and perhaps in the early stages of the case if deemed necessary for plaintiffs' notice motion. Plaintiffs also anticipate taking the oral deposition(s) of one or more employees of defendant, and perhaps third-party witnesses who worked with or around plaintiff, and/or some of defendants' customers/clients. The identities of such individuals have not yet been determined. The presumptive 10-deposition limit should apply in this case.

e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

    Defendants anticipate taking the oral deposition of the plaintiffs before the end of the discovery period, as well as depositions of any necessary fact witnesses, including any fact witnesses named by plaintiffs. The presumptive 10-deposition limit should apply in this case.

f. **When the plaintiffs (or the party with the burden of proof on an issue) can designate experts and**

> provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.
>
> Plaintiff will designate experts by July 2, 2024.
>
> Defendants will designate experts by August 1, 2024.

g. **List expert depositions the plaintiffs (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date**.

   None anticipated.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date**.

   None anticipated, except for any expert Plaintiffs designate.

11. **State the date by which the parties can reasonably complete the planned discovery.**

    September 17, 2024.

12. **If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party**.

    Not applicable.

13. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

    The parties have discussed and continue to discuss potential settlement and are working toward an amicable resolution.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique**.

>Mediation would likely be the most effective dispute resolution technique in this matter, after the court's decision on the plaintiffs' notice motion and, if applicable, notice is sent and the opt-in period ends.

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

    The parties do not agree to consent to a magistrate at this time.

16. **Identify any party that has made a jury demand and whether it was timely.**

    Plaintiffs made a timely jury demand in their complaint.

17. **Specify the number of hours it will likely take to present the evidence at trial in this case.**

    At the present time, the parties estimate 10-14 hours; if the case proceeds as a collective action, that estimate will change.

18. **List pending motions the Court could resolve at the initial pretrial conference.**

    None.

19. **List other pending motions**.

    None.

20. **List all other matters that deserve attention of the Court at the initial pretrial conference**.

    The scope and particulars of the information the Court needs to determine whether a group of similarly situated individuals exists for purposes of ruling on plaintiff's motion for notice.

21. **Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made**.

    Not applicable.

22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

    Plaintiffs filed their Disclosure on May 22, 2023.

    Defendants filed their Disclosure on October 25, 2023.

23. **If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member**.

24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.

    Josef F. Buenker            Attorney for Plaintiff
    Texas State Bar No. 03316860
    Federal ID No. 11498
    P.O. Box 10099
    Houston, Texas 77206
    713-868-3388
    713-683-9940 (fax)
    jbuenker@buenkerlaw.com

    Susan E. Cates              Attorney for Defendants
    Texas State Bar No. 24044932
    220 South Fourth Street
    Waco, Texas 76701
    254-776-5500
    254-776-3591 (fax)
    cates@thetexasfirm.com

    */s/ Josef F. Buenker*                    10/10/2023
    Josef F. Buenker                          Date
    Counsel for Plaintiff

    */s/ Susan E. Cates*                      10/10/2023
    Susan E. Cates                            Date
    Counsel for Defendants